■ In the Matter of the Estate of HERBERT SPITZ, Deceased. H. HERBERT HARRIS et al., Respondents; IRENE SPITZ, Appellant.—In a probate proceeding, the contestant appeals from a decree of the Surrogate's Court, Westchester County (Brewster, S.), dated December 24, 1984, which, upon a jury verdict, admitted the decedent's will to probate.

Decree affirmed, with costs payable personally by the appellant.

After a 13-day trial, the jury returned a unanimous verdict in favor of the proponents of the will of the decedent, Herbert Spitz, dated June 11, 1979, rejecting the contention that the proponents Paul and Bert Spitz, or any others acting in concert with them, caused or procured the execution of the decedent's will through undue influence. The record fully supports the jury's determination that the contestant failed to sustain her burden of establishing that the decedent's will was procured by or was the product of undue influence. The contestant nevertheless contends on appeal that certain evidentiary rulings made by the Surrogate and other "trial irregularities" require that we set aside the verdict and order a new trial. We decline to do so. Only two of the contestant's contentions merit discussion. First, the Surrogate did not err in admitting into evidence a Mother's Day card and envelope on which the contestant had written, *inter alia,* that "[f]or all the insults * * * and the way you've degraded me for two years all I want is a divorce". At the trial, the contestant sought to establish that the proponents Paul and Bert Spitz had threatened their father with violence in order to persuade him to favor them in his will and further sought to establish through certain witnesses that her marriage with the decedent was a good one. The proponents, on the other hand, produced witnesses who testified that the decedent had expressed unhappiness with his marriage and that his modification of the will was attributable to marital discord. Although the Mother's Day card, which was signed by the decedent, and the envelope on which the contestant had written the note, were undated, it was established through competent testimony that both the card and envelope were in the decedent's possession shortly after the execution of the will. Thus, shortly after

the execution of the will at issue, the decedent had in his possession a note authored by the contestant which spoke of "two years" of degradation and demanded a divorce. The note was, therefore, competent as probative of and relevant to the contested question of whether the relationship between the decedent and the contestant was characterized by marital discord.

Second, the Surrogate did not err in declining to admit certain reciprocal stock option agreements into evidence. Although these agreements may have disclosed that the decedent and his brother sought to favor their respective children by affording them the opportunity to purchase stock in the family business, the contestant's offer of proof with respect to the documents revealed that they were not relevant to the question of whether the proponents had unduly influenced their father in the distribution of his estate. In any event, although the stock options themselves were not admitted into evidence, counsel was nevertheless permitted to examine certain witnesses in connection with their execution.

We have reviewed the contestant's remaining contentions and find that none of them requires reversal of the decree. Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.